**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Case No. 1:20-cv-01198-DDD-STV

DERRICK JOHNSON,

  Plaintiff,

v.

JAMES RIVER INSURANCE COMPANY,

  Defendant.

---

## ORDER DISMISSING CASE

---

Plaintiff Derrick Johnson, a passenger in a vehicle insured by Defendant James River Insurance Company, was struck by an uninsured motorist. Mr. Johnson alleges that James River "is contractually liable to compensate [him] for damages suffered as a result of the aforementioned motor vehicle collision." (Compl. ¶ 26, Doc. 3.) That may be, but Mr. Johnson did not allege that he requested payment, or that James River disputed that request or refused it. He did not allege James River failed to perform any aspect of the contract at issue. In fact, Mr. Johnson has not alleged any form of disagreement between James River and himself. James River's *potential* liability does not, without more, establish the existence of a justiciable controversy. The motion to dismiss (Doc. 5) is therefore **GRANTED**. This case must be dismissed without prejudice for lack of subject matter jurisdiction.

"The Constitution (article 3, s 2) limits the exercise of the judicial power to 'cases' and 'controversies.'" *Aetna Life Ins. Co. of Hartford,*

*Conn. v. Haworth*, 300 U.S. 227, 239 (1937). "A 'controversy' in this sense must be one that is appropriate for judicial determination." *Id.* at 240.

The complaint contains no indication of any live controversy—whether by alleged breach of contract or otherwise—and does not seek any specific relief—declarative, injunctive, or for damages. As Mr. Johnson himself makes plain: "Plaintiff did not allege breach of contract because, to date, Defendant James River has not breached the contract." (Resp. to Mot. to Dismiss ¶ 19, Doc. 14.) So, his single claim is styled as for "contractual liability." (Compl. ¶¶ 19–26.) By his theory, "Defendant James River is contractual [sic] obligated to compensate Plaintiff Derrick Johnson if he is successful in proving the negligence of the uninsured motorist and his damages." (Resp. ¶ 17.)

Mr. Johnson essentially asks the Court to declare he is entitled to certain monies from James River should he establish the negligence of the at-fault driver. In some sense, he is seeking what would be a declaratory judgment. *See* Fed. R. Civ. P. 57; 28 U.S.C. § 2201. But even a declaratory judgment action requires a live case or controversy. *See id.* ("In a *case of actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)); *see also, e.g.*, *United Fire & Cas. Co. v. Contractor Heating, Inc.*, No. 1:08-cv-00328-LTB-CBS, 2008 WL 2572124, at *2 (D. Colo. June 24, 2008) (discussing federal and Colorado requirements of case or controversy in declaratory judgment context). And here, there is none. Not in the complaint itself, nor in the filings on the motion to dismiss, is there any indication that James River has refused to do anything required by the contract, or even that it disagrees with Mr. John-

son's analysis of it. What Mr. Johnson seeks is not a declaratory judgment so much as an advisory opinion. And that is something the federal courts are not in the business of providing.

Mr. Johnson disagrees, citing *Dove v. James River Ins. Co., et al.*, a decision of the Colorado District Court for Broomfield County that apparently involves the same accident and claim at issue here. (*See* No. 2018-CV-30001, slip op. (Colo. Dist. Ct. June 22, 2018), filed here as Doc. 14-3.) In *Dove*, the court declined to dismiss a claim for "contractual liability," holding that "if Plaintiff is successful in proving the negligence of the uninsured motorist, then James River's contractual obligation to provide uninsured motorist benefits is enacted." *Id.* at 4. The court, in permitting the claim to continue, primarily relied on *Brekke v. State Farm Mut. Auto. Ins. Co.*, 81 P.3d 1101 (Colo. App. 2003) and *Briggs v. Am. Family Mut. Ins. Co.,* 833 P.2d 859 (Colo. App. 1992), which Mr. Johnson also cites here. (Resp. ¶ 18.)

But while Colorado law governs the interpretation of insurance contracts in cases like this one, *see Gardner v. Cont'l W. Ins. Co.*, 203 F.3d 834, at *2 (10th Cir. 2000), the case or controversy requirement is imposed by Article III of the United States Constitution. What Colorado courts might say about their own jurisdiction is not determinative of this federal constitutional limit on the reach of the federal judiciary.

In any event, *Dove* is not persuasive, and neither *Briggs* nor *Brekke* supports the conclusion the *Dove* court reached. In *Briggs*, the Colorado Court of Appeals held that under the uninsured motorist coverage statute,

> the insurer must pay to the insured, up to the limit of the policy, whatever losses the insured proves he or she is 'legally entitled to recover' from the uninsured motorist.

3

> Thus, the insured has the burden to prove that the uninsured motorist was negligent and the extent of the damages. This can be done in a judicial proceeding against either the uninsured motorist or the insurer, or in an arbitration proceeding.

*Briggs*, 833 P.2d at 861. In *Brekke*, the court stated the "purpose of the uninsured motorist coverage mandated by § 10-4-609 is to compensate an insured for loss, subject to the insured's policy limits, caused by negligent and financially irresponsible motorists." *Brekke*, 81 P.3d at 1103. These quotations, relied on in *Dove*, express the proof obligations and purpose of Colorado's uninsured motorist law, but they do not relieve a court of its responsibility to only decide cases or controversies. And in both cases, there was such a controversy: The insured filed a breach of contract action against the insurer after the insured submitted a claim to the carrier and an agreement on benefits could not be reached. *Brekke*, 81 P.3d at 1102; *Briggs*, 833 P.2d at 860.

If and when Mr. Jackson actually requests the benefits he says he is due from James River, he will either receive payment (if James River agrees) or he will have a live case or controversy (if they do not and either refuse payment or contest the amount he seeks). But since neither has happened, there is no ripe, live case for this Court to resolve. As the record is before the Court, James River's *potential* liability does not, without more, establish the existence of a justiciable controversy. James River's motion (Doc. 5) is therefore **GRANTED**. This case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Dated: June 10, 2020.                    BY THE COURT:

_____
Daniel D. Domenico
United States District Judge